## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DONNA M. SLICK,                              *

    *Plaintiff,*                          *

v.                                           *          **Civil Action No. 12-3327**

SCHLOSSBERG & ASSOCIATES, P.A.,              *

    *Defendant.*                         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Donna M. Slick, ("Plaintiff"), by and through her attorney, E. David Hoskins and The Law Offices of E. David Hoskins, LLC, and for her Complaint against Defendant, Schlossberg & Associates, P.A., alleges and states as follows:

## PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq*. (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq*. (hereinafter "MCPA").

2.    The Plaintiff alleges that the collection practices of Schlossberg & Associates, P.A. violate the FDCPA, MCDCA and MCPA in its illegal efforts to collect a consumer debt.

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

4.     The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5.     The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the  least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

6.     The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

7.     To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692i, provides that a debt collector who brings any legal action on a debt against a consumer shall bring such action only in the jurisdiction in which the consumer resides at the time of the commencement of the action or where the consumer signed the contract sued upon.

## JURISDICTION AND VENUE

8.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

9.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

10.    Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiff resides within the District of Maryland.

## PARTIES

11.    Plaintiff, Donna M. Slick, is an individual who was at all relevant times residing in Hagerstown, Maryland.

12.    Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person improperly sued in the attempt to collect a consumer debt allegedly owed by another consumer. Plaintiff is a "person" as that term is defined by the MCDCA and the MCPA.

13.    Defendant, Schlossberg & Associates, P.A., is a Maryland corporation that has failed to obtain a Maryland collection agency license.

14.    At all relevant times Schlossberg & Associates, P.A. acted as a "debt collector" within the meaning of 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff. Schlossberg & Associates, P.A. regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due another.

4

15.     Schlossberg & Associates, P.A. regularly attempts to collect debts alleged to be due another, and uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

16.     At all relevant times Schlossberg & Associates, P.A. acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

17.     The acts of Schlossberg & Associates, P.A. alleged herein were performed by its agents, employees, officers and directors acting within the scope of their actual or apparent authority.

<u>**ALLEGATIONS APPLICABLE TO ALL COUNTS**</u>

**A.     The Alleged Debt**

18.     Sometime before October 27, 2011, Plaintiff incurred an alleged obligation owed to Mid-Atlantic Orthopedic Specialists ("Mid-Atlantic") for medical care she received (the "alleged debt"), and said obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19.     Before Plaintiff agreed to seek care at Mid-Atlantic, namely an x-ray to her wrist, one of its employees working in the reception area took Plaintiff's medical insurance card, copied it, and told Plaintiff that they accepted her insurance coverage.

20.     After she received said wrist x-ray, however, Plaintiff was informed by said employee that they "made a mistake," that her insurance would not be

accepted and billed, and that they would not render any further treatment to her since her insurance was not accepted by Mid-Atlantic.

21.     Plaintiff would not have sought treatment from Mid-Atlantic had she known the truth about their acceptance of her insurance, nor would she have incurred an alleged debt to Mid-Atlantic, had she known this fact.

22.     Plaintiff attempted to pay the alleged debt nonetheless to buy peace, but could not pay the alleged debt due to her financial circumstances. The alleged debt thus went into default, and sometime thereafter it was assigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

### B.     Schlossberg & Associates, P.A. Engages in Abusive and Deceptive Tactics

23.     On or around October 27, 2011, Defendant sent Plaintiff a letter for the purpose of attempting to collect the alleged debt from the Plaintiff ("Letter #1"). Said letter was the initial communication with Plaintiff regarding the alleged debt. (**Exhibit A**, Letter from Defendant dated October 27, 2011).

24.     Letter #1 threatens that suit will be filed in the District Court for Washington County, Maryland, if full payment was not "within one week from the date of this letter…". (**<u>Exhibit A</u>**, Letter from Defendant dated October 27, 2011).

25.     Defendant has not filed a suit against the Plaintiff to the date of the filing of this Complaint, even though Plaintiff has not made "full payment" within a week of the date of Letter #1.

26.    Letter #1 also states in part as follows:

> Such a suit will include a claim for $327.00 and may include additional charges for court costs, attorney's fees and interest. Upon a judgment being entered against you, all of your property will become subject to actions to enforce this judgment. Such actions may include the immediate attachment of your wages...

(**Exhibit A**, Letter from Defendant dated October 27, 2011, emphasis added)

27.    The excerpt from Letter #1 listed in paragraph 26 above misrepresents the amount Plaintiff owed, even according to Mid-Atlantic's own records which read that she owed the alleged debt in the amount of $302.00.

28.    The excerpt from Letter #1 listed in paragraph 26 that reads "Upon a judgment being entered..." misrepresents that a judgment is imminent and that Plaintiff will have no defenses to the entry of the same.

29.    The excerpt from Letter #1 listed in paragraph 26 above misrepresents that Defendant or its client may effect immediate attachment of wages when, in fact, the Code of Maryland provides that there is an automatic 10 day stay before proceedings to collect can be instituted.

30.    The excerpt from Letter #1 listed in paragraph 26 above states that "all" of Plaintiff's property will become subject to actions to enforce the judgment when, in fact, the Code of Maryland provides exemptions from execution of judgment on Plaintiff's property that she may rightfully claim.

31.    Letter #1 also states in part as follows:

> If you dispute the validity of the said debt, or any portion thereof, in writing to this office within the above thirty(30) day

period, this office will verify the debt and mail a copy of such
verification to you.

(Exhibit A, Letter from Defendant dated October 27, 2011).

32.     In response, on October 31, 2011, Plaintiff sent Defendant a letter
that Defendant received on November 4, 2011, that states, inter alia, that she
disputes the debt. (**Exhibit B**, Letter from Plaintiff dated October 31, 2011).

33.     Despite the fact that Plaintiff disputed the alleged debt in writing,
Defendant continued to contact Plaintiff to attempt to collect the alleged debt,
without first providing Plaintiff with verification of the alleged debt.

34.     Specifically, on or around November 14, 2011, Defendant sent
Plaintiff a second letter (Letter #2) for the purpose of attempting to collect the
alleged debt from her (**Exhibit C**, Letter from Defendant dated November 14,
2011).

35.     Letter #2 states in part as follows:

> RE:   Mid-Atlantic Orthopedic Specialists v. Donna Slick
> File No. 13590; Balance Due $324.00

(**Exhibit C**, Letter from Defendant dated November 14, 2011).

36.     The statement in paragraph 35 above falsely communicates that a
lawsuit had been filed against Plaintiff.

37.     Letter #2 also states in part as follows, in bold type:

> This office agrees to forbear from filing execution proceedings
> against you as long as the payments are received as outlined
> above!

(**Exhibit C**, Letter from Defendant dated November 14, 2011).

38.     The statement in paragraph 24 above falsely implies that a judgment had been entered against the Plaintiff.

39.     In response to Defendant's Letter #2, Plaintiff again sent Defendant a letter disputing that she owed the debt, requesting verification, and also stating in part "Do not ask me for money otherwise." (**Exhibit D**, Letter from Plaintiff dated November 17, 2011).

40.     Undeterred, Defendant again sent Plaintiff a letter in connection with an attempt to collect the alleged debt ("Letter #3"), dated November 18, 2011. (**Exhibit E**, Letter from Defendant dated November 18, 2011).

41.     Letter #3, like Letter #2, includes a legal caption (RE: Mid-Atlantic Orthopedic Specialists v. Donna Slick) and also again requests payment from Plaintiff.

42.     At the time Letters #1 through #3 were sent, no suit had been filed by Defendant on behalf of Mid-Atlantic against Plaintiff, and thus no judgment had been entered in favor of Mid-Atlantic against the Plaintiff, relating to the alleged debt.

43.     None of Letters #1 through #3 contain a statement that "this communication is from a debt collector," or an equivalent notification, though said statement is required by the FDCPA.

44.     In the context of the FDCPA, the language of debt collection letters alleged to be violative of the statute must be evaluated from the perspective of the

"least sophisticated debtor." *United States v. Nat'l Fin. Servs. Inc.*, 98 F.3d 131, 135 (4th Cir. 1996).

### C. Plaintiff Suffered Actual Damages

45.     As a direct consequence of the acts, practices and conduct of Defendant, Plaintiff suffered and continues to suffer from sleeplessness, fear of answering the telephone, nervousness, fear of answering the door, depression, panic attacks, chest pains, feelings of hopelessness and pessimism, feelings of guilt, worthlessness and helplessness, irritability, and headaches.

### COUNT I

### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692, *et. seq.*

46.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

47.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

a)     Defendant violated 15 U.S.C. § 1692c(c) by contacting Plaintiff to attempt to collect the alleged debt after she had communicated to Defendant in a letter dated November 17, 2011, that she refuses to pay the alleged debt;

b)     Defendant violated 15 U.S.C. § 1692d when, by the means stated in the preceding paragraphs, Defendant harassed the Plaintiff;

c)      Defendant violated 15 U.S.C § 1692e when it deceptively and falsely communicated to the Plaintiff, in a letter dated October 27, 2011, that she owes $327.00 to Mid-Atlantic, that a judgment was imminent, that all of her property would become subject to actions to enforce the judgment, and that her wages may be attached immediately to collect the judgment;

d)      Defendant violated 15 U.S.C § 1692e when it deceptively and falsely communicated to the Plaintiff, in writing on November 14, 2011, that she owes $324.00 to Mid-Atlantic, that a lawsuit had been filed entitled "Mid-Atlantic Orthopedic Specialists v. Donna Slick," and that "execution proceedings"could legally be filed against Plaintiff;

e)      Defendant violated 15 U.S.C § 1692e when it deceptively and falsely communicated to the Plaintiff, in a letter dated November 18, 2011, that she owes $324.00 to Mid-Atlantic, and that a lawsuit had been filed entitled "Mid-Atlantic Orthopedic Specialists v. Donna Slick;"

f)      Defendant violated 15 U.S.C § 1692e(2) when, in each of the letters sent to Plaintiff, it misrepresented the amount, legal status and character of the alleged debt by variously communicating and/or implying that an amount was owed to Mid-Atlantic, that a lawsuit had been filed and that judgment had been entered on the alleged debt;

g)      Defendant violated 15 U.S.C § 1692e(4) when, in a letter dated October 27, 2011, it stated that "all" of her property will become subject to actions

to enforce the judgment, and thus that she will not be able to claim any exemptions under Maryland law;

h)      Defendant violated 15 U.S.C § 1692e(4) when, in a letter dated October 27, 2011, it stated that the actions available to Mid-Atlantic include the "immediate" attachment of Plaintiff's wages when in fact Maryland law requires that a creditor wait 10 days after judgment is entered before beginning any such action to collect the judgment;

i)      Defendant violated 15 U.S.C § 1692e(4) when, in a letter dated November 28, 2011, it stated that it would agree to stay the filing of "execution" proceedings when in fact such proceedings cannot lawfully be filed until or unless a judgment is entered on the alleged debt;

j)      Defendant violated 15 U.S.C § 1692e(5) when, in a letter dated October 27, 2011, it falsely threatened that a suit will be filed and that "all" of her property will become subject to actions to enforce the judgment, and thus that she will not be able to claim any exemptions under Maryland law;

k)      Defendant violated 15 U.S.C § 1692e(5) when, in a letter dated October 27, 2011, it falsely threatened that the actions available to Mid-Atlantic include the "immediate" attachment of Plaintiff's wages, when in fact Maryland law requires that a creditor wait 10 days after judgment is entered before beginning any such action to collect the judgment;

l)      Defendant violated 15 U.S.C § 1692e(5) when, in a letter dated November 28, 2011, it falsely threatened that it could file "execution" proceedings

but that it would agree to stay the filing of such proceedings if payments were made;

m)      Defendant violated 15 U.S.C §§ 1692e(5) and § 1692f(1) by engaging in the business of collecting a consumer claim for another and threatening to bring a collection lawsuit when it did not maintain a valid Maryland collection agency license.

n)      Defendant violated 15 U.S.C § 1692e(10) by taking each of the actions from "c)" through "m)", inclusive, referenced infra in this paragraph;

o)      Defendant violated 15 U.S.C § 1692e(11) when, in each of the letters sent to Plaintiff, it failed to state that the communication is from a debt collector;

p)      Defendant violated 15 U.S.C § 1692e(13) when, in each of the letters it sent to Plaintiff dated November 14, 2011 and November 18, 2011, it included a reference to "Mid-Atlantic Orthopedic Specialists v. Donna Slick, and thus implied that said letter was legal process;

q)      Defendant violated 15 U.S.C § 1692f by taking each of the actions from "c)" through "o)", inclusive, referenced infra in this paragraph;

r)      Defendant violated 15 U.S.C § 1692f(1) by attempting to collect a debt from Plaintiff in various amounts, none of which are authorized by the agreement creating the debt, or by law;

s)      Defendant violated 15 U.S.C § 1692g(b) when it continued to attempt to collect the alleged debt without first providing Plaintiff with

verification, after Plaintiff notified it in writing--within the 30 day period allowed by 15 U.S.C § 1692g(b)--that she disputes that she owed the alleged debt;

48.     As a direct consequence of the acts, practices and conduct of Defendant, Plaintiff suffered and continues to suffer from sleeplessness, fear of answering the telephone, nervousness, fear of answering the door, depression, panic attacks, chest pains, feelings of hopelessness and pessimism, feelings of guilt, worthlessness and helplessness, irritability, and headaches.

## COUNT II

### Violation of the Maryland Consumer Debt Collection Act
### Md. Code Ann., Com. Law, § 14-201, *et seq*.

49.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

50.     The subject debt was a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the MCDCA.

51.     Defendant violated § 14-202(8) of the MCDCA by threatening to enforce a claim for an amount for treatment provided that was greater than the charges disclosed on the account statements.

52.     Defendant violated § 14-202(8) of the MCDCA by engaging in the business of collecting a consumer claim for another and threatening to bring a collection lawsuit when it did not maintain a valid Maryland collection agency license.

53.     As a direct consequence of the acts, practices and conduct of Defendant, Plaintiff suffered and continues to suffer from sleeplessness, fear of answering the telephone, nervousness, fear of answering the door, depression, panic attacks, chest pains, feelings of hopelessness and pessimism, feelings of guilt, worthlessness and helplessness, irritability, and headaches.

## COUNT III

### Violation of the Maryland Consumer Protection Act
### Md. Code Ann., Com. Law, § 13-101, *et seq.*

54.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

55.     Plaintiff is a consumers as defined by the Consumer Protection Act ("CPA"), Maryland Code Annotated, Commercial Law § 13-101(c).

56.     Under § 13-301(14)(iii) of the CPA, unfair or deceptive trade practices also include any violation of the MCDCA.

57.     Defendant violated § 13-301(14)(iii) of the CPA by threatening to enforce a claim for an amount for treatment provided that was greater than the charges disclosed on the account statements.

58.     Defendant violated § 13-301(14)(iii) of the CPA by engaging in the business of collecting a consumer claim for another and threatening to bring a collection lawsuit when it did not maintain a valid Maryland collection agency license.

WHEREFORE, Plaintiff, Donna M. Slick, respectfully prays for a judgment

against Defendants as follows:

   a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Md. Code. Ann., Com. Law. § 14-203; and Md. Code Ann., Com. Law § 13-408 in the amount of $50,000.00;

   b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); Md. Code Ann., Com. Law § 13-408; and Md. Code Ann., Com. Law § 13-301(14)(iii),  and

   d. For such other and further relief as may be just and proper.

## JURY DEMAND

  Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Dated: November 13, 2012   Respectfully Submitted,


     _/s/ E. David Hoskins_____
     E. David Hoskins, Esq., Bar No. 06705
     THE LAW OFFICES OF E. DAVID HOSKINS, LLC
     Quadrangle Building at Cross Keys
     2 Hamill Road, Ste. 362
     Baltimore, Maryland 21210
     (410) 662-6500 (Tel.)
     dhoskins@hoskinslaw.com